## MARSHALL POSTON *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 6—222.]

**Instruction in Rape Case.**

One charged with rape is entitled to have the trial court instruct the jury that unless the jury believe from the evidence that the accused is guilty as charged beyond a reasonable doubt he should be acquitted, and where the court fails to instruct as to reasonable doubt the cause will be reversed.

### APPEAL FROM MASON CIRCUIT COURT.

September 4, 1884.

OPINION BY JUDGE HOLT:

Marshall Poston was convicted of rape, committed upon the person of Lucy Conners in October, 1883; and after a motion for a new trial had been overruled he was, in conformity to the verdict, sentenced to confinement in the penitentiary for ten years.

A demurrer to the indictment was filed based upon the fact (judging from the argument of counsel) that the accusatory part of it named the offense charged as "rape" without adding in the same connection either that it was upon the body of a female under or over twelve years of age. It was properly overruled. The indictment is sufficiently direct and certain as to the offense charged. In stating the acts constituting the alleged crime it alleges that said Lucy was over twelve years of age; and the statement as to age is material only by way of fixing the extent of the punishment for the offense.

It is unnecessary to determine whether a new trial should have been granted by reason of the alleged newly discovered testimony, as the judgment must be reversed upon another ground.

The following is the only instruction that was given to the jury and it was asked by the commonwealth and objected to by the defendant, to-wit:

"The court instructs the jury that if they believe from the evidence that the accused, Marshall Poston, in Mason county, Kentucky, at any time before the finding of the indictment in this case wilfully, forcibly and feloniously and against the will or consent of one Lucy Conners, a female over and above fourteen years of age, did forcibly, unlawfully, carnally know and unlawfully ravish her the said Lucy Conners, she then and there being a female over the age of twelve years, they will find the accused guilty of rape on the body of a female over twelve years of age and fix his punishment at confinement in the penitentiary not less than ten nor more than twenty years, or by death, in the discretion of the jury."

Three instructions were asked by the defendant, all of which were refused and were evidently offered for the purpose of submitting to the jury the question whether the guilt of the defendant had been proved beyond a reasonable doubt. The language of the code should be followed as far as practicable upon this subject; and the jury should have been told that if the guilt of the defendant was not proved beyond a reasonable doubt he was entitled to an acquittal. Citation of authority to show that this was erroneous is needless. The code expressly provides that "if there being a reasonable doubt of the defendant being proven to be guilty he is entitled to an acquittal." Criminal Code 1876, § 238.

The law humanely forbids a conviction while there is a rational doubt of guilt; and public security as well as individual right demand the continuance of this long established rule. The evdence must produce such certainty in the mind of the juror as will dispel every reasonable doubt of the defendant's guilt; and it is the duty of the court to instruct upon the law applicable to the case.

For the error indicated the judgment is *reversed* and the cause remanded for a new trial and further proceedings in conformity with this opinion.

*G. W. Adair, for appellant.*

*P. W. Hardin, for appellee.*